**IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA**

JAMES HAMILTON,

Plaintiff,

v.

CASE NO.:
DIVISION:

PUBLIX SUPER MARKETS, INC.,

Defendant.

________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, James Hamilton, sues Defendant, Publix Super Markets, Inc. and alleges:

1. This is a suit for damages and injunctive relief under the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 et. seq.; Title VII of the Civil Rights Act of 1964, as amended; the Florida Civil Rights Act; and 42 U.S.C. §1981, brought to remedy unlawful employment discrimination based on disability, unlawful retaliation and/or race.

**JURISDICTION**

2. This is an action for damages in excess of $15,000.00, exclusive of prejudgment interest, costs, reasonable attorney fees and injunctive relief.

**PARTIES**

3. Plaintiff, James Hamilton, is a black African-American male citizen of the United States and was employed with Defendant in Jacksonville, Florida.

4. Defendant, Publix Super Markets, Inc., is a Florida Corporation doing business in Duval County, Florida, and was Plaintiff's employer.

## CONDITIONS PRECEDENT

5. Plaintiff filed a charge of discrimination, with the Equal Employment Opportunity Commission (EEOC) in a deferral state within 300 days of the challenged unlawful employment practice. The EEOC issued a Notice of Right to Sue and Plaintiff filed this Complaint within 90 days of the receipt.

6. Plaintiff complied with all conditions precedent to the filing of this claim required by the Florida Civil Rights Act of 1992, §760.11 Florida Statutes. A timely charge of discrimination was filed with the Florida Commission on Human Relations within 365 days of the discriminatory acts. This action was commenced within four years of the discriminatory acts complained of by Plaintiff.

## STATEMENT OF THE FACTS

7. Plaintiff was employed as a mechanic in Jacksonville, Florida with Defendant for over fourteen (14) years until Defendant's unlawful termination of Plaintiff on or about November 5, 2013.

8. Plaintiff underwent shoulder surgery in April 2013. Plaintiff suffers from disabilities substantially limiting one or more major life activities. Defendant was aware of Plaintiff's disabilities.

9. Plaintiff requested medical leave under the Family and Medical Leave Act (FMLA) for the shoulder surgery and Defendant approved the FMLA. Thereafter, Plaintiff further requested additional time off because he was not medically released to return to work. Plaintiff was released to return to work on September 21, 2013 by his medical provider.

10. Even though Plaintiff was medically released to return to work on September 21, 2013 by his medical provider, Defendant sent Plaintiff to a Department of Transportation (DOT) physical because it claims that a DOT physical is required to return to work.

11. On or about September 30, 2013, Defendant received a copy of Plaintiff's DOT physical report indicating that Plaintiff did not have any surgeries. Defendant knew that Plaintiff had returned from shoulder surgery and Defendant knew that the report contained an error.

12. Defendant sent Plaintiff back to the DOT medical provider to correct the error in the DOT physical report. Plaintiff returned to the DOT medical provider, corrected the error and returned to work.

13. Plaintiff continued to work for Defendant for over a month until on or about November 5, 2013 when Defendant terminated Plaintiff's employment. Defendant claimed that it terminated Plaintiff's employment because Plaintiff intentionally falsified the information contained in the DOT physical form.

14. Defendant's reason for Plaintiff's termination was false and pretextual because, among other things, it knew that Plaintiff had shoulder surgery and that the report contained an error. Defendant also treated Plaintiff differently than similarly situated employees who are not disabled and/or black African-American.

## COUNT I

### UNLAWFUL DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101 *ET SEQ.*

15. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

16. Plaintiff's disability, his record of having such disability, and/or being regarded as having a disability were motivating factors in Defendants' decision to terminate Plaintiff's employment.

17. The discrimination described above was done maliciously and in violation of Plaintiff's rights under the Americans with Disabilities Act.

18. As a result, Plaintiff has suffered damages, and has had to retain the undersigned counsel and will continue to incur fees and costs.

19. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

20. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

## HANDICAP DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTE §760.01 *ET SEQ.*

21. Plaintiff hereby restates and realleges each and every allegation contained in

paragraphs 1 through 14.

22. Plaintiff had an impairment which substantially limited one or more major life activity and had a handicap as defined by Fla. Stat. §760.22(7) of the Florida Civil Rights Act of 1992.

23. Defendant's decision to terminate Plaintiff was motivated by his impairment, and/or his record of such impairment and/or having been regarded as having such an impairment.

24. The discriminatory practices described above were done by Defendant willfully, maliciously, and with a reckless disregard for Plaintiff's rights under Florida law.

25. Defendant's discrimination against Plaintiff due to his handicap has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for lost wages, other pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

26. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services herein.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT III

### UNLAWFUL RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101 *ET SEQ.*

27. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 14.

28. Defendant unlawfully retaliated against Plaintiff based upon his asserting his legal rights as described above.

29. Defendant's conduct described above constitutes a violation of the Americans with Disabilities Act.

30. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under the Americans with Disabilities Act. As a result of said retaliation, the Plaintiff has suffered damages.

31. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

32. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services herein.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with

prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

**COUNT IV**

**UNLAWFUL RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTE §760.01 *ET SEQ.***

33. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 14.

34. Defendant unlawfully retaliated against Plaintiff based upon his asserting his legal rights as described above.

35. Defendant's conduct described above constitutes a violation of the Florida Civil Rights Act.

36. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under the Florida Civil Rights Act. As a result of said retaliation, the Plaintiff has suffered damages.

37. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

38. Plaintiff has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services herein.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other

non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT V

### UNLAWFUL DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

39. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 14.

40. Plaintiff's race was a motivating factor in defendant's decision to terminate Plaintiff.

41. Defendant's conduct described above constitutes a violation of Title VII of the Florida Civil Rights Act of 1964, as amended.

42. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Federal law. As a result of said discrimination, the Plaintiff has suffered damages.

43. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress humiliation, great expense, and loss of enjoyment of life.

44. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT VI

### UNLAWFUL DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTE §760.01 *ET SEQ.*

45. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 14.

46. Plaintiff's race was a motivating factor in defendant's decision to terminate Plaintiff.

47. Defendant's conduct described above constitutes a violation of Florida Civil Rights Act.

48. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Florida law. As a result of said discrimination, the Plaintiff has suffered damages.

49. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress humiliation, great expense, and loss of enjoyment of life.

50. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT VII

### UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

51. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

52. Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

53. The reason articulated by Defendant for its decision to terminate Plaintiff is a pretext for unlawful discrimination based on race. Moreover, Defendant treated Plaintiff differently than other individuals who are not African-American. Defendant's conduct violated 42 U.S.C. §1981.

54. The race discrimination described above was done intentionally, willfully, maliciously, and with a reckless disregard for Plaintiff's rights under federal law.

55. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

56. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South
Suite 115
Jacksonville, Florida 32216
(904) 725-6161 (telephone)
(904) 725-3410 (facsimile)

Leonard S. Magid
Florida Bar No. 0717101
len@magidwilliams.com
P. Daniel Williams
Florida Bar No. 0036625
dan@magidwilliams.com
Attorneys for Plaintiff